# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ana G. Hernandez-Inigo, | No. CV-16-00518-TUC-JAS-LCK |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Nancy A. Berryhill, | |
| Defendant. | |

Plaintiff Ana Hernandez-Inigo brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner). Plaintiff filed an opening brief, the Commissioner filed a motion for remand, and Plaintiff filed a reply brief and response to motion. (Docs. 14, 18, 19.) Based on the pleadings and the administrative record submitted to the Court, the Magistrate Judge recommends the District Court, after its independent review, remand for benefits.

## PROCEDURAL HISTORY

Plaintiff filed an application for Disability Insurance Benefits (DIB) in December 2014. (Administrative Record (AR) 17.) She alleged disability from October 9, 2013. (AR 188.) Plaintiff's application was denied upon initial review (AR 78-91) and on reconsideration (AR 92-110). A hearing was held on December 2, 2015 (AR 50-77), and a supplemental hearing was held on April 28, 2016 (AR 33-49). Subsequently, the ALJ found that Plaintiff was not disabled because she could perform other work available in

the national economy (AR 17-27). The Appeals Council denied Plaintiff's request to review the ALJ's decision. (AR 1.)

## **FACTUAL HISTORY**

Plaintiff was born on March 31, 1970, making her 43 at the onset date of her alleged disability. (AR 188.) Plaintiff has worked numerous jobs including customer service, Spanish interpreter, office work, and leasing associate. (AR 54-58, 201-08.)

The ALJ found Plaintiff had several severe impairments: diabetes, diabetic neuropathy, obesity, PTSD, depression, anxiety, bipolar disorder, and borderline intellectual functioning. (AR 20.) The ALJ determined Plaintiff had the RFC to perform:

> [S]edentary work as defined in 20 CFR 404.1567(a) except claimant can lift/carry 20 pounds occasionally. Claimant can stand/walk for 2 hours per day and sit for about 6 hours in an 8 hour workday, alternating positions every hour. Claimant can never climb ladders/ropes/scaffolds and can occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl. Claimant can occasionally reach bilaterally and can frequently perform gross handling, fine fingering and fine feeling bilaterally. Claimant should avoid working around unprotected heights and moving machinery. Claimant can occasionally be exposed to humidity and temperature extremes, occasionally operate a motor vehicle and frequently be exposed to dust, fumes, smoke and vibrations. Finally, claimant can occasionally understand and carry out complex, detailed instructions, with occasional interaction with co-workers and the public and occasionally respond appropriately to usual work situations and changes in the work setting.

(AR 22.) The ALJ concluded at Step Five, based on the Medical-Vocational Rules and the testimony of a vocational expert (VE), that Plaintiff could perform work that exists in significant numbers in the national economy. (AR 26-27.)

## **STANDARD OF REVIEW**

The Commissioner employs a five-step sequential process to evaluate DIB claims. 20 C.F.R. § 404.1520; *see also Heckler v. Campbell*, 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing she (1) is not working; (2) has a severe physical or mental impairment; (3) the impairment meets or equals the requirements of a listed impairment; and (4) claimant's RFC precludes her from performing his past work. 20 C.F.R. § 404.1520(a)(4). At Step Five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071,

1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, she does not proceed to the next step. 20 C.F.R. § 404.1520(a)(4).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019 (quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Reviewing courts must consider the evidence that supports as well as detracts from the Commissioner's conclusion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

**DISCUSSION**

Plaintiff argues the ALJ committed five errors: (1) she did not find her disabled at Step Five after determining she could respond appropriately to work situations only occasionally; (2) she did not find her disabled at Step Five after determining she could reach only occasionally; (3) she did not find her disabled at Step Five in light of Dr. Rastatter's vocational assessment regarding Plaintiff's ability to handle and finger; (4)

she failed to find Plaintiff disabled at Step Three under Listing 12.05(B); and (5) she erred in not finding an RFC limitation for Plaintiff's pace of work.

**Motion to Remand**

Defendant responded to Plaintiff's opening brief by filing a Motion to Remand for Further Proceedings, conceding that the ALJ's decision was not based on substantial evidence. (Doc. 18.) Specifically, Defendant agrees that the ALJ erred at Step Three in evaluating whether Plaintiff's impairments met Listing 12.05, and that the ALJ erred in evaluating the opinions of Charles Rastatter, Ed.D., and Betty Dokken, N.P. (Doc. 18 at 5 n.2.) Defendant argues, however, that further proceedings are necessary and she disagrees with Plaintiff's request for an award of benefits. As discussed below, the Court finds one of Plaintiff's claims dispositive and, therefore, does not address her four other arguments.

**Responding Appropriately to Work Situations**

The ALJ found that Plaintiff could only occasionally respond appropriately to usual work situations. (AR 22.) Plaintiff argues this ability is a "basic work activity" required to maintain competitive unskilled employment. Defendant's motion to remand failed to address this argument. (Doc. 18.)

"Basic work activities" are the abilities and aptitudes necessary to do most jobs and includes "responding appropriately to . . . usual work situations." 20 C.F.R. § 404.1522(b). Plaintiff relies upon SSR 85-15, which states that a "substantial loss of ability" to perform a basic work activity warrants a finding of disability. However, SSR 85-15 only applies to claimants with solely non-exertional limitations and will not direct a finding of disability for claimants such as Plaintiff with exertional and non-exertional limitations. *See Roberts v. Shalala*, 66 F.3d 179, 183 (9th Cir. 1995).

A different social security ruling directs a finding of disability in Plaintiff's circumstances. SSR 96-9p applies to claimants with a residual functional capacity for less than the full range of sedentary work. SSR96-9p provides that "[a] substantial loss of ability to meet any one of several basic work-related activities on a sustained basis (i.e., 8 hours a day, 5 days a week, or an equivalent work schedule), will substantially erode the

unskilled sedentary occupational base and would justify a finding of disability. These mental activities are generally required by competitive, remunerative, unskilled work: . . . Responding appropriately to . . . usual work situations." The ALJ determined Plaintiff can perform this basic work activity "occasionally," which "means occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday." SSR 96-9p. Because Plaintiff cannot respond appropriately to usual work situations on a sustained basis this is a substantial loss of ability to conduct a basic work activity 8 hours per workday.[1] Therefore, the ALJ erred in not finding Plaintiff disabled at Step Five.

## CONCLUSION AND RECOMMENDATION

A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. § 405(g). When a court finds that an administrative decision is flawed, the remedy should generally be remand for "additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2006) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004). If there are no outstanding issues because "the record has been developed fully and further administrative proceedings would serve no useful purpose, the . . . court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Because Plaintiff is disabled based on the RFC as found by the ALJ, further proceedings would be of no use. Therefore, the Magistrate Judge recommends the District Court remand this case for award of benefits.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and

---

[1] In the Program Operations Manual System, the Social Security Administration discusses the term substantial loss: "'Substantial loss' cannot be precisely defined. It does not necessarily relate to any particular adjective, number, or percentage. In practical terms, an individual has a substantial loss of ability to perform a basic mental activity when he or she cannot perform the particular activity in regular, competitive employment but, at best, could do so only in a sheltered work setting where special considerations and attention are provided." POMS DI 25020.010(A)(3)(b). This section of the POMS can be found at https://secure.ssa.gov/poms.nsf/lnx/0425020010.

- 5 -

Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived.

Dated this 4th day of August, 2017.

_____
Honorable Lynette C. Kimmins
United States Magistrate Judge